# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ANTHONY H. RUSSELL,           :    PRISONER CIVIL RIGHTS
    Plaintiff,              :    42 U.S.C. § 1983
                            :
v.                            :    CIVIL ACTION NO.
                            :    1:09-CV-20-RWS
DOUGLAS COUNTY,               :
    Defendant.              :

## **ORDER**

While incarcerated in the Douglas County Jail, Anthony H. Russell submitted a letter [1] stating that he wished to "file a lawsuit against Douglas County." This Court entered an Order (A) directing the clerk's office to send Russell financial affidavit and complaint forms and (B) ordering Russell, among other things, to "provide the name of each intended defendant" and "clearly identify each defendant responsible for [his] injur[ies]" [2]. Russell returned an affidavit [3] and complaint [4] and was granted leave to proceed *in forma pauperis* [6]. Russell's complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

Russell has sued under 42 U.S.C. § 1983. To state claims under § 1983, Russell must allege that a person acting under color of state law acted or omitted to act in a way that deprived him of a right, privilege, or immunity secured under

the Constitution or a statute of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although this Court ordered Russell to identify "each defendant responsible for [his] injur[ies]" [2], Russell named only one defendant – Douglas County – in the caption of his case and only one individual – Sergeant Atkins – in the body of his complaint.[1]

Historically, an entity like Douglas County has been subject to liability under § 1983 only when a plaintiff's injury is traceable to a policy or custom of the county, *see City of Canton v. Harris*, 489 U.S. 378, 385 (1989), and that policy or custom was the "'moving force' behind the constitutional deprivation." *Farred v. Hicks*, 915 F.2d 1530, 1532-33 (11th Cir. 1990). Russell's complaint does not allege that any policy or custom of Douglas County is responsible for his injuries, let alone that such policy or custom was the "moving force" behind his injuries. Russell alleges only that unnamed persons employed by Douglas County injured him. Because § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor," *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692

---

[1] Because Russell is a prisoner proceeding *pro se*, this Court construed his complaint liberally, *see, e.g.*, *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), and examined Russell's claims against Sergeant Atkins as though Atkins had been specifically named as a defendant.

2

(1978), Russell has not stated a claim against Douglas County. This Court is required to dismiss his complaint against Douglas County because it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).[2]

The lone individual named in Russell's complaint is a Sergeant Atkins. Russell does not allege that Sergeant Atkins inflicted any physical injury, only that Sergeant Atkins "mentally badgered" him in profane language [4 at 4]. Federal law provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Russell has failed to state a claim upon which relief may be granted against Sergeant Atkins, and Russell's complaint against Sergeant Atkins must be dismissed. *See* 28 U.S.C. § 1915A.

---

[2] The principles of supervisory liability that apply in § 1983 cases parallel the principles applied in *Bivens* actions. *See Daniel v. United States Marshal Serv.*, 188 F. App'x 954, 962 (11th Cir. 2006) ("In determining whether a supervisor may be liable under a *Bivens* claim . . ., we look to our precedent governing 42 U.S.C. § 1983"). Writing in dissent, Justice Souter stated that the Supreme Court "eliminat[ed] *Bivens* supervisory liability entirely" this past Term. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1957 (Souter, J., dissenting). If Justice Souter fairly characterized the scope of the majority opinion in *Iqbal*, then it follows that supervisory liability under § 1983 has been "eliminated" as well, and Russell's claim fails for that reason.

AO 72A
(Rev.8/82)

For the foregoing reasons, Russell's complaint [4] is **DISMISSED**.

**IT IS SO ORDERED**, this  27th  day of July, 2009.

*[signature: Richard W. Story]*

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)